IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY LEE PERKINS,

                Plaintiff,

v.                                                    ORDER

DAN DOWNEY,                                    21-cv-626-jdp

                Defendant.

---

Plaintiff Troy Lee Perkins, appearing pro se, alleges that he was pulled over by Chippewa Falls police without a valid reason: they falsely said that the car he was driving was missing a bumper. I granted Perkins leave to proceed on a claim that defendant officer Dan Downey violated his Fourth Amendment rights. Dkt. 4. Perkins has filed what he calls a supplemental pleading adding new allegations against a proposed defendant I previously dismissed, an unidentified "John Doe" duty sergeant. Dkt. 8. Perkins is free to amend his complaint once as a matter of course this early in the case, so I will accept his supplement and consider it as part of the operative complaint.

In my screening order, I stated that Perkins could not proceed on a claim against the Doe duty sergeant who failed to tell Downey that he didn't have a valid basis to pull Perkins over. There was no reason to think that the sergeant knew that Downey fabricated a reason for the traffic stop because it appeared that the sergeant was communicating with Downey through radio or computer communications. Dkt. 4, at 3. But Perkins now supplements his allegations to say that the sergeant was with Downey when Perkins was pulled over. So I will grant Perkins leave to proceed on a Fourth Amendment claim against the sergeant for participating in the unlawful traffic stop. At the preliminary pretrial conference that will be held later in this case,

Magistrate Judge Stephen Crocker will explain the process for Perkins to use discovery methods to identify the name of the John Doe sergeant and to supplement his complaint with that defendant's name.

Perkins also says that he should be allowed to proceed on a claim against the city of Chippewa Falls for negligent training of its officers. To state a claim for negligent training in Wisconsin, Perkins must show that (1) the defendant had a duty of care; (2) the defendant breached that duty; (3) the acts or omissions of defendant's subordinates were a cause of his injury; and (4) the acts or omissions of the defendant were a cause of the wrongful acts of its subordinates. *Miller v. Wal-Mart Stores, Inc.*, 219 Wis. 2d 250, 267–68, 580 N.W.2d 233 (1998) (recognizing tort of negligent supervision under Wisconsin law). Here, Perkins's allegations of negligent training are purely conclusory: he offers nothing to support his claim that the city failed to train officers beyond the fact that he was unlawfully stopped. Because Perkins does not include allegations plausibly connecting the city's training to the officers' alleged misdeed, he has failed to state a claim against the city.

ORDER

IT IS ORDERED that plaintiff Troy Lee Perkins is now GRANTED leave to proceed on Fourth Amendment claims against defendants Dan Downey and John Doe duty sergeant.

Entered October 25, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge