IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY LEE PERKINS,

Plaintiff,

v.

DAN DOWNEY and KORRY BOOS,

Defendants.

OPINION and ORDER

21-cv-626-jdp

---

Plaintiff Troy Lee Perkins, appearing pro se, alleges that he was pulled over by Chippewa Falls police without a valid reason—he says that the officers falsely stated that the vehicle he was driving was missing its rear bumper. I granted Perkins leave to proceed on claims that defendant Officers Dan Downey and Korry Boos violated his rights under the Fourth Amendment to the United States Constitution. Defendants have filed a motion for summary judgment. Dkt. 38. Perkins opposes the motion and the parties have filed several other motions. I will grant defendants' motion for summary judgment and dismiss the case because it is undisputed that Perkins's vehicle was missing at least part of its bumper and defendant Downey had reasonable suspicion that Perkins was violating the law. I will deny the parties' remaining motions.

PRELIMINARY MATTERS

Perkins has filed several motions, including a request for a special master, Dkt. 54; a motion to strike defendants' evidence, Dkt. 58; and a motion for declaratory relief, Dkt. 62. I will deny all of these motions. Perkins has not identified any need for a special master or a compelling reason to strike defendants' evidence, and a prevailing party may receive whatever

form of relief it is entitled to even if it did not ask for that specific relief in the original complaint.

Perkins has filed a request for leave to amend his complaint along with a proposed supplement to his complaint seeking to add a claim against defendants for failing to read him his *Miranda* rights when they arrested him. I will deny this motion because it would be futile for Perkins to bring such a claim. *See Vega v. Tekoh*, 142 S. Ct. 2095, 2099 (2022) (a failure to comply with the requirements in *Miranda v. Arizona*, 384 U.S. 436 (1966), does not provide a basis for suing an officer for money damages).

Plaintiff followed defendants' summary judgment reply brief with what he calls a "supplemental pleading," that is really a sur-reply brief. Dkt. 53. Defendants move to strike that document as an unapproved sur-reply. I will deny defendants' motion and consider Perkins's filing, although it does not change the outcome.

## UNDISPUTED FACTS

The following facts are undisputed unless otherwise noted.

The morning of July 17, 2021, Chippewa Falls Police Department Police Officer Dan Downey was on patrol duty. He noted something amiss with a 1996 Jeep Grand Cherokee heading eastbound on Wisconsin Street: part of the rear portion of the vehicle was missing. Downey pulled behind the Grand Cherokee. The driver, plaintiff Troy Lee Perkins, turned into a driveway of an apartment complex. Downey pulled Perkins over. Perkins has submitted a photograph showing what his Grand Cherokee looked like at the time (with the back liftgate open):



Dkt. 16-1. Perkins concedes that he had removed the bumper cover from the Grand Cherokee; the cover appears on the bottom of this photo. The parties dispute whether the rest of the bumper assembly remained on the Grand Cherokee.

Before approaching the Grand Cherokee, Downey attempted to run the license plate through his computer system, but he mistyped his entry and got back no results. Downey approached and asked Perkins for his driver's license. Instead, Perkins gave Downey a

Wisconsin identification card. This prompted Officer Downey to ask Perkins if his driver's license had been revoked, and Perkins acknowledged that it had. After further discussion, Downey ran a background check that revealed that Perkins had a revoked license, a requirement for an ignition interlock device, and an open felony bond with a condition that Perkins could not operate a vehicle without a valid license.

Around that time, Chippewa Falls Police Department Deputy Sergeant Korry Boos arrived at the scene to assist Downey. Defendants decided to arrest Perkins for violating his bond and they cited him with failing to install an ignition interlock device in violation of a court order and operating a vehicle with a revoked license.

I will discuss additional facts as they become relevant to the analysis.

ANALYSIS

Perkins brings Fourth Amendment claims against Downey and Boos for pulling him over without a valid reason. The Fourth Amendment prohibits unreasonable searches and seizures. An officer's temporary detention of an individual during a traffic stop constitutes a seizure of a person, *see Carmichael v. Village of Palatine*, 605 F.3d 451, 456 (7th Cir. 2010). To stop Perkins, defendants "must have had a reasonable articulable suspicion that [Perkins] had committed, [was] committing, or [was] about to commit an offense. *Huff v. Reichert*, 744 F.3d 999, 1004 (7th Cir. 2014). Reasonableness requires an objective inquiry into all of the circumstances known to the officer at the time that he detained the suspect. *United States v. Snow*, 656 F.3d 498, 500 (7th Cir. 2011).

Driving with a missing bumper violates Wisconsin law. Wisconsin Administrative Code Trans § 305.18 states in relevant part: "Every motor vehicle manufactured after September 1,

1972, and required by federal law to be equipped with bumpers or crash resistance protection, or both, shall be equipped with bumpers which shall be maintained in good condition and in conformity with this section." The Chippewa Falls municipal code has adopted the Wisconsin Administrative Code's Transportation Chapter 305 governing standards for motor vehicle equipment. *See* Chippewa Falls Code of Ordinances § 7.01.

The parties dispute whether Perkins was actually violating the bumper safety standard when he was pulled over. Defendants provide expert testimony from Nicole Sielaff, an automotive technician with 22 years of experience. The parties agree that the bumper assembly on a 1996 Jeep Grand Cherokee includes (1) a bumper bar; (2) a bumper cover; (3) two brackets; and (4) various other fasteners. Sielaff states that the only components visible from Perkins's photograph or the video footage of the arrest are remnants of the bumper brackets; the bumper bar, cover, and other fasteners are missing. Perkins—who states that he is a master mechanic—says that the rest of the bumper assembly remained on the Jeep, and that the bar on the bottom of his car marked "Valley" and connected to his trailer hitch is the bumper bar. Sielaff states that what Perkins calls the bumper bar is actually the trailer hitch assembly. I agree with Sielaff and conclude that no reasonable jury could find in Perkins's favor on this factual dispute: the bar marked "Valley" is clearly part of the trailer hitch assembly and not the "bumper bar" originally part of the Grand Cherokee.

But the bottom line is that whether the bumper bar was on Perkins's Grand Cherokee on the date of his arrest is ultimately immaterial to the case. Perkins's Fourth Amendment claim does not hinge on whether he was actually violating the bumper regulation; the question is whether defendant Downey had a reasonable basis to believe that a violation was occurring. *See United States v. Cole*, 21 F.4th 421, 428 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1420 (2022)

(relevant issue "is whether Trooper Chapman reasonably believed that he saw a traffic violation, not whether Cole actually violated the statute"); *United States v. Simon*, 937 F.3d 820, 829 (7th Cir. 2019) ("If an officer reasonably thinks he sees a driver commit a traffic infraction, that is a sufficient basis to pull him over without violating the Constitution."). An officer can be reasonably mistaken without violating the Fourth Amendment. *See Heien v. North Carolina*, 574 U.S. 54, 66 (2014) ("The Fourth Amendment tolerates only reasonable mistakes, and those mistakes—whether of fact or of law—must be objectively reasonable."). It is undisputed that Perkins was driving his Grand Cherokee without the bumper cover, the most conspicuous part of a bumper assembly, so no reasonable jury could find that Downey lacked reasonable suspicion that Perkins was violating safety regulations.

Perkins argues that Downey incorrectly told him that he was making a *Terry* stop (after *Terry v. Ohio*, 392 U.S. 1 (1968)) when he pulled him over, but any distinction between a *Terry* stop and a traffic stop is immaterial the Fourth Amendment analysis here. *Cole*, 21 F.4th at 427 (7th Cir. 2021) ("Because traffic stops are typically brief detentions, more akin to *Terry* stops than formal arrests, they require only reasonable suspicion of a traffic violation—not probable cause.").

Moreover, Perkins cannot succeed on his claim against defendant Boos because his claims in this case are limited to the alleged Fourth Amendment violation when he was pulled over. Boos arrived at the scene after Downey had already pulled Perkins over, so Boos cannot be liable for that seizure.

Accordingly, I will grant summary judgment to defendants and dismiss this case.

ORDER

IT IS ORDERED that:

1.  Defendants' motion for summary judgment, Dkt. 38, is GRANTED.

2.  The parties' remaining motions are DENIED.

3.  The clerk of court is directed to enter judgment accordingly and close the case.

Entered April 4, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge